**EXHIBIT B**

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

MARK KRAMER,

        *Plaintiff*,

        vs.

VELOCITY INVESTMENTS, LLC,

        *Defendant*.

CIVIL DIVISION

**ELECTRONICALLY FILED**

Case No. GD-20-007899

**COMPLAINT IN CIVIL ACTION**

Filed on Behalf of Plaintiff:
Mark Kramer

Counsel of Record for this Party:
**THE LAW FIRM OF FENTERS WARD**

Joshua P. Ward
Pa. I.D. No. 320347

The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Telephone:    (412) 545-3015
Fax No.:    (412) 540-3399
E-mail:    JWard@FentersWard.com

## NOTICE TO DEFEND

**YOU HAVE BEEN SUED IN COURT.** If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. If you do not have a lawyer, go to or telephone the office set forth below. This office can provide you with information about hiring a lawyer. IF YOU CANNOT AFFORD TO HIRE A LAWYER, this office may be able to provide you with information about agencies that may offer legal service to eligible persons at a reduced fee or no fee:

LAWYER REFERRAL SERVICE
11TH FLOOR KOPPERS BUILDING
436 SEVENTH AVENUE
PITTSBURGH, PENNSYLVANIA 15219
TELEPHONE: (412) 261-5555

**HEARING NOTICE YOU HAVE BEEN SUED IN COURT.** The above Notice to Defend explains what you must do to dispute the claims made against you. If you file the written response referred to in the Notice to Defend, a hearing before a board of arbitrators will take place in the Compulsory Arbitration Center. Report to the Arbitration Assembly Room, Courtroom Two, Seventh Floor City-County Building, 414 Grant Street, Pittsburgh, Pennsylvania 15219, on _____, 2020, at 9:00 A.M.

IF YOU FAIL TO FILE THE RESPONSE DESCRIBED IN THE NOTICE TO DEFEND, A JUDGMENT FOR THE AMOUNT CLAIMED IN THE COMPLAINT MAY BE ENTERED AGAINST YOU BEFORE THE HEARING. DUTY TO APPEAR AT ARBITRATION HEARING IF ONE OR MORE OF THE PARTIES IS NOT PRESENT AT THE HEARING, THE MATTER MAY BE HEARD AT THE SAME TIME AND DATE BEFORE A JUDGE OF THE COURT WITHOUT THE ABSENT PARTY OR PARTIES. THERE IS NO RIGHT TO A TRIAL DE NOVO ON APPEAL FROM A DECISION ENTERED BY A JUDGE.

NOTICE: You must respond to this complaint within twenty (20) days or a judgment for the amount claimed may be entered against you before the hearing. If one or more of the parties is not present at the hearing, the matter may be heard immediately before a judge without the absent party or parties. There is no right to a trial de novo on appeal from a decision entered by a judge.

1

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

MARK KRAMER,                                          CIVIL DIVISION

       *Plaintiff*,                                     **ELECTRONICALLY FILED**

       vs.                                         Case No. GD-20-007899

VELOCITY INVESTMENTS, LLC,

       *Defendant*.

## COMPLAINT IN CIVIL ACTION

AND NOW, comes Plaintiff, Mark Kramer, by and through the undersigned counsel, The Law Firm of Fenters Ward and, specifically, Joshua P. Ward, Esquire, who files the within Complaint in Civil Action against Defendant, Velocity Investments, LLC, of which the following is a statement:

## PARTIES

1.     Plaintiff, Mark Kramer (hereinafter "Mark Kramer"), is an adult individual who currently resides at 6422 Drane Highway, West Decatur, Pennsylvania 16878.

2.     Defendant, Velocity Investments, LLC, (hereinafter "Velocity Investments"), is a limited liability company with its principal place of business located at 1800 Route 34 North, Building 3 Suite 305, Wall, New Jersey 07719.

## JURISDICTION AND VENUE

3.     Jurisdiction is proper as Plaintiff brings this lawsuit under the Fair Debt Collection Practices Act, 15 U.S.C § 1692, *et seq.* (hereinafter, the "FDCPA").

4.     Venue is proper pursuant to Pa.R.C.P. 2179(a)(2) because Defendant regularly conducts business in Allegheny County, Pennsylvania, and because Defendant is subject to general jurisdiction of Allegheny County, Pennsylvania.

2

## PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

5.     On January 27, 2020, Velocity Investments filed a Civil Complaint against Mark Kramer in Magisterial District Court at Docket Number: MJ-46304-CV-0000017-2020. A true and correct copy of the Docket is attached hereto, made a part hereof, and marked as Exhibit "A".

6.     In response to the aforesaid lawsuit, Mark Kramer engaged The Law Firm of Fenters Ward for representation.

7.     On February 8, 2020, The Law Firm of Fenters Ward served Velocity Investments with a letter, (hereinafter, the "First Dispute Letter") wherein Velocity Investments was informed of the disputed nature regarding the alleged debt and that Mark Kramer was represented by counsel. A true and correct copy of the First Dispute Letter is attached hereto, made a part hereof, and marked as Exhibit "B".

8.     This First Dispute Letter stated that Mark Kramer "denie[d] owing Velocity Investments any amount of money" and informed Velocity Investments that Mark Kramer disputed any and all "Debts" Velocity Investments claimed to possess. See Exhibit "B".

9.     "Debts" as defined within the First Dispute Letter delineated and included "any related debt(s) and/or credit account(s) your company [Velocity Investments] claims to have, sold, purchased and/or assigned from yourself, another creditor, debt buyer or other entity as of the date of this letter. See Exhibit "B".

10.    Furthermore, Velocity Investments was directed to cease and desist from contacting Mark Kramer directly. See Exhibit "B".

11.    On February 8, 2020, The Law Firm of Fenters Ward filed an Entry of Appearance and an Intent to Defend on Mark Kramer's behalf. True and correct copies of the Entry of

3

Appearance and Notice of Intent to Defend are attached hereto, made a part hereof, and marked as Exhibit "C".

12.     On February 27, 2020, a Civil Action Hearing was held before the Honorable Judge James Brian Glass, Magisterial District Judge. See Exhibit "A".

13.     During the Civil Action Hearing, counsel for Velocity Investments offered into evidence unredacted confidential information associated with Mark Kramer. A true and correct copy the complaint and attached exhibits submitted at the Civil Action Hearing are attached hereto, made a part hereof, and marked as Exhibit "D".

14.     Within this complaint, Velocity Investments certified compliance "with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents." See Exhibit "D".

15.     Beneath this certification of compliance paragraph is a signature block containing the signature of Alia Shaalan See Exhibit "D".

16.     The language of this compliance paragraph refers to the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania 204 Pa. Code § 213.81 which mandates the protection of identified confidential documentation and information. Section 204 Pa. Code. § 213.81.

17.     204 Pa. Code § 213.81 Section 8(A) states "the following documents are confidential and shall be filed with a court or custodian under a cover sheet designated 'Confidential Document Form': 1. Financial Source Documents." *Id*.

18.     204 Pa. Code. § 213.81 Section 1(J) defines "financial source documents" to include "credit card statements;" "financial institution statements;" and "loan application documents." *Id*.

19.     Furthermore, 204 Pa. Code § 213.81 states that "parties and their attorneys shall be solely responsible for complying with the provisions of this section." *Id*.

20.     The exhibits attached to the complaint filed in the Magisterial District Court contain credit card statements, financial institution statements and loan applications delineating the accrual of an alleged debt to Mark Kramer. See Exhibit "D".

21.     The exhibits attached to the complaint therefore qualify as financial source documents necessitating the inclusion of a Confidential Document Form. 204 Pa. Code § 213.81.

22.     These abovementioned statements are capable of identifying Mark Kramer as a debtor.

23.     Velocity Investments failed to include a Confidential Document Form anywhere in the complaint to prevent the release of these financial source documents. See Exhibits "D".

24.     Therefore, Velocity Investments failed to comply with 204 Pa. Code § 213.81.

25.     The signature of Alia Shaalan falsely indicated compliance with the abovementioned statute and thereby constituted a false, deceptive, and fraudulent representation in the attempted collection of any debt in violation of 15 U.S.C § 1692e(10).

26.     Furthermore, Velocity Investments disclosed information capable of identifying Mark Kramer as an alleged debtor.

27.     The Third Circuit has found that information capable of identifying an individual as a debtor constitutes impermissible language or symbols sufficient for liability under 15 U.S.C § 1692f(8) of the FDCPA. See *Douglass v. Convergent Collections*, 765 F.3d 299 (3d. Cir. 2014).

28.     By disclosing information capable of identifying Mark Kramer as a debtor, Velocity Investments further violated 15 U.S.C § 1692f(8).

29.     Upon releasing confidential information, by making it available to public access through electronic or in-person means, associated with Mark Kramer, Velocity Investments utilized unfair and unconscionable means in connection with the collection of any debt and thereby violated 15 U.S.C § 1692f of the FDCPA.

30.     On February 27, 2020, at the conclusion of the Civil Action hearing, Judge James Brian Glass granted a JUDGMENT FOR DEFENDANT. A true and correct copy of the Notice of Judgment is attached hereto, made a part hereof, and marked as Exhibit "E".

**COUNT I**
**VIOLATIONS OF THE FDCPA, 15 U.S.C §§ 1692, 1692e, 1692e(8), & 1692(d)**

31.     Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

32.     There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C 1692(a).

33.     The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C § 1692(e).

34.     Furthermore, the FDCPA prohibits debt collectors from utilizing "false, deceptive, or misleading representation or means in connection with the collection of any debt" 15 U.S.C § 1692e.

35.     Mark Kramer is a "consumer" as defined by § 1692a(3) of the FDCPA.

36.     Velocity Investments is a "debt collector" as defined by § 1692a(6) of the FDCPA.

37.     Upon information and belief, the alleged "debt" arises out of an alleged transaction entered into primarily for personal, family, or household purposes.  "The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C § 1692a(5).

38.     The Third Circuit has held that the FDCPA is to be enforced by private attorney generals. *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d. Cir. 2004).

39.     Section 1692e of the FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C § 1692e

40.     On January 27, 2020, Velocity Investments filed its complaint with accompanying exhibits in the abovementioned Magisterial District Court. See Exhibits "D".

41.     Within this complaint, Velocity Investments certified compliance "with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents." See Exhibit "D".

42.     Beneath this certification of compliance paragraph is a signature block containing the signature of Alan F. Kirk, Esquire. See Exhibit "D".

43.     The language of this compliance paragraph refers to the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania 204 Pa. Code § 213.81.

44.     Attached as exhibits of the complaint are numerous financial source documents in the form of credit card statements pertaining to an alleged debt. See Exhibit "D".

45.     Lacking from the complaint is the mandated Confidential Document Form necessary to shield the disclosure of financial source documents from public access. See Exhibit "D".

46.     Lacking from the specific exhibits in question is the Confidential Document Form, necessary to shield the disclosure of confidential information of this type. See Exhibit "D".

47.     By willfully publishing these statutorily protected materials, Velocity Investments failed to comply with 204 Pa. Code § 213.81.

48.     Velocity Investments therefore falsely and fraudulently certified his compliance with 204 Pa. Code § 213.81 upon signing beneath the compliance clause contained within the complaint.

49.     Furthermore, the signature of Alia Shaalan is of a deceptive and misleading nature as the signature indicated compliance with 204 Pa. Code § 213.81 despite factual lack of compliance.

50.     Velocity Investments therefore employed false, deceptive, and misleading representations or means upon falsely indicating compliance with 204 Pa. Code § 213.81 despite an evident lack thereof in violation of 15 U.S.C § 1692e of the FDCPA.

8

51.     Velocity Investments therefore utilized false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C § 1692e(10) of the FDCPA.

52.     Section 1692d of the FDCPA provides, in relevant part: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

53.     Here, the only natural consequence of Velocity Investments' acts of willfully publishing financial source documents associated with Mark Kramer was to harass, oppress, or abuse Mark Kramer.

54.     As such, Velocity Investments' conduct, as set forth above, violated 15 U.S.C.A § 1692d of the FDCPA.

55.     Section 1692k(a) of the FDCPA provides, in relevant part:

> …any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of – (1) any actual damages sustained by such person as the result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

15 U.S.C § 1692k(a).

56.     As a direct and proximate result of Velocity Investments' violations of the FDCPA, as set forth above, Mark Kramer has suffered annoyance, anxiety, embarrassment, emotional distress, and severe inconvenience.

WHEREFORE, Plaintiff, Mark Kramer, respectfully requests that this Honorable Court enter judgment in their favor and against Defendant, Velocity Investments, LLC, and enter an

award of monetary damages as described herein, including an award for actual damages, statutory damages pursuant to 15 U.S.C §1692k(a), sanctions pursuant to 204 Pa. Code § 213.81 subsections 7(F) & 8(F), costs and attorney's fees pursuant to 15 U.S.C § 1692k(a), and such other and further relief as this Honorable Court deems just and proper.

## COUNT II
### VIOLATIONS OF THE FDCPA, 15 U.S.C §§ 1692f, 1692f(8), & 1692(d)

57.     Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein

58.     The FDCPA was created to combat the "use of abusive, deceptive, and unfair debt collection practices." 15 U.S.C § 1692a of the FDCPA. The "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to *invasions of individual privacy*." (emphasis added). *Id*.

59.     The FDCPA prohibits the use of unfair or unconscionable means in collection or attempted collection of any debt. 15 U.S.C § 1692f of the FDCPA.

60.     The Third Circuit has held that the FDCPA protects consumers' identifying information and disclosure of account numbers constitutes the use of impermissible language or symbols under 15 U.S.C § 1692f(8) of the FDCPA. *Douglass v. Convergent Collections*, 765 F.3d 299, 306 (3d. Cir. 2014).

61.     The Third Circuit found an account number akin to "a piece of information capable of identifying Douglass as a debtor" and identified the disclosure of such as possessing "the potential to cause harm to a consumer that the FDCPA was enacted to address." *Id*.

62.     Furthermore, the Third Circuit found the FDCPA to proscribe, under 15 U.S.C § 1692f(8), potentially harassing and embarrassing language and also consumers' identifying information. *Id*. at 306.

63.     Section 1692f of the FDCPA provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

15 U.S.C § 1692f

64.     On February 27, 2020, a Civil Action Hearing was held before the Honorable James Brian Glass. See Exhibit "A".

65.     During the Civil Action Hearing, Velocity Investments offered into evidence unredacted financial statements capable of delineating Mark Kramer as an alleged debtor. See Exhibit "D".

66.     Velocity Investments failed to employ a Confidential Document Form necessary to shield and prevent the confidential exhibits. See Exhibit "D".

67.     The financial statements indicated the accrual of an alleged debt and attributed the alleged debt to Mark Kramer. See Exhibit "D".

68.     The financial statements contained within the exhibits identified Mark Kramer as a debtor. See Exhibit "D".

69.     Velocity Investments failed to redact the identifying information contained within these statements and therefore exposed information capable of identifying Mark Kramer as a debtor to the public. See Exhibit "D".

70.     Velocity Investments failed to redact the confidential information contained within these statements, and thus exposed the confidential information associated with the alleged debt to the public. See Exhibit "D".

71.     Section 204 Pa. Code § 213.81 recognizes documents of this type as confidential in nature sufficient to warrant statutory protections and corresponding confidentiality measures protecting their release to the public.

72.     Velocity Investments failed to file a Confidential Document Form as required by 204 Pa. Code § 213.81 to shield confidential exhibits from public exposure and to protect confidential information. See Exhibit "D".

73.     Velocity Investments failed to take any measures to protect the release of personal and confidential information associated with Mark Kramer to the public. See Exhibit "D".

74.     Following, *Douglass v. Convergent Collections*, 765 F.3d 299, 306 (3d. Cir. 2014) the disclosure of confidential information capable of identifying an individual as an alleged debtor constitutes impermissible language or symbols sufficient for liability under 15 U.S.C § 1692f(8) of the FDCPA.

75.     Therefore, Velocity Investments' disclosure of an unredacted financial source documents with unredacted loan identification number and other confidential financial information violated 1692(f)(8) of the FDCPA

76.     Upon doing so, Velocity Investments utilized proscribed and impermissible language or symbols in the attempted collection of an alleged debt and therefore violated 15 U.S.C § 1692f(8) of the FDCPA.

77.     The FDCPA was created to proscribe abusive, deceptive, and unfair debt collection activities of precisely this type. 15 U.S.C § 1692a of the FDCPA.

78.     The disclosure of credit card statements associated with Mark Kramer further constituted an unfair or unconscionable means to collect or attempt to collect any debt as the publishing of this information is inherently harassing or embarrassing in nature.

79.     Therefore, upon releasing confidential information associated with Mark Kramer, Velocity Investments further utilized unfair and unconscionable means in connection with the collection of any debt and thereby violated 15 U.S.C. § 1692f of the FDCPA.

80.     Section 1692d of the FDCPA provides, in relevant part: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

81.     Here, the only natural consequence of Velocity Investments' acts of willfully disclosing confidential information associated with Mark Kramer was to harass, oppress, or abuse Mark Kramer.

82.     As such, Velocity Investments' conduct, as set forth above, violated 15 U.S.C.A § 1692d of the FDCPA.

83.     Section 1692k(a) of the FDCPA provides, in relevant part:

> …any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of – (1) any actual damages sustained by such person as the result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

15 U.S.C § 1692k(a).

84.     As a direct and proximate result of Velocity Investments' violations of the FDCPA, as set forth above, Mark Kramer has suffered annoyance, anxiety, embarrassment, emotional distress, and severe inconvenience.

WHEREFORE, Plaintiff, Mark Kramer, respectfully requests that this Honorable Court enter judgment in their favor and against Defendant, Velocity Investments, LLC, and enter an award of monetary damages as described herein, including an award for actual damages, statutory damages pursuant to 15 U.S.C §1692k(a), sanctions pursuant to 204 Pa. Code § 213.81 subsections 7(F) & 8(F), costs and attorney's fees pursuant to 15 U.S.C § 1692k(a), and such other and further relief as this Honorable Court deems just and proper.

**COUNT III**
**PERMANENT INJUNCTION ORDERING**
**VELOCITY INVESTMENTS TO CURE THE ONGOING EXPOSURE OF**
**MARK KRAMER'S CONFIDENTIAL INFORMATION**

85.     Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

86.     In order to establish a claim for a permanent injunction, the party must establish his or her clear right to relief. *Buffalo Twp. v. Jones*, 571 Pa. 637, 813 A.2d 659 (2002).

87.     The party need not establish either irreparable harm or immediate relief and a court "may issue a final injunction if such relief is necessary to prevent a legal wrong for which there is no adequate redress at law." *Berwick Twp. v. O'Brien*, 148 A.3d 872, 891 (Pa. Commw. Ct. 2016) citing *Buffalo Twp.* at 663.

88.     A party must also show greater injury will result from refusing rather than granting the relief requested. *Berwick Twp. v. O'Brien*, 148 A.3d 872, 891 (Pa. Commw. Ct. 2016).

89.     In the case at hand, Mark Kramer possesses a clear right to relief through §§ 1692d, 1692e, 1692e(10), 1692f, 1692f(8), and 1692k of the FDCPA.

90.     Velocity Investments affirmatively employed false and misleading representations in clear violation of the FDCPA by falsely certifying compliance with 204 Pa. Code 213 while willfully failing to comply with said statute.

91.     This false certification constituted a false and misleading representation in connection with the collection of any debt thus violating §§ 1692e, 1692e(10), and 1692d of the FDCPA.

92.     The course of conduct begetting the lack of compliance culminated in the publishing of confidential information associated with Mark Kramer capable of identifying her as an alleged debtor.

93.     The exposure of such information ultimately constituted an unconscionable mean in connection with the collection of any debt and constituted the use of impermissible symbols following *Douglass v. Convergent Collections*, 765 F.3d 299, 306 (3d. Cir. 2014) in violation of §§ 1692d, 1692f, and 1692f(8) of the FDCPA.

94.     In the case at hand, a permanent injunction is necessary to prevent the legal wrongdoing of Velocity Investments.

95.     As it stands, confidential information contained within hundreds of documents taking the form of financial source documents has been published to the public at large.

96.     These documents, and subsequently the information therein, is available for viewing and downloading by the public at any given time.

97.     These documents can be utilized for a variety of purposes which all result in harm befalling Mark Kramer and said harm ranges from emotional distress to identity theft to an endless number of other circumstances.

98.     No adequate redress at law exists outside curing the exposure of confidential information as nothing short of the requested cure will protect Mark Kramer's confidential information and mitigate the currently endless exposure.

WHEREFORE, Plaintiff, Mark Kramer, respectfully requests that this Honorable Court enter an equitable remedy in their favor and against Defendant, Velocity Investments, LLC, and enter an order of court granting Velocity Investments, LLC sixty days to remedy the exposure of confidential information that previously and continues to expose confidential information associated with Mark Kramer to be published to the public at large and such other and further relief as this Honorable Court deems just and proper.

**JURY TRIAL DEMANDED UPON APPEAL OR REMOVAL.**

Respectfully submitted,

THE LAW FIRM OF FENTERS WARD

Date: October 12, 2020                    By: _____
                                          Joshua P. Ward (Pa. I.D. No. 320347)
                                          Kyle H. Steenland (Pa. I.D. No. 327786)

The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Counsel for Plaintiff

EXHIBIT A

# Magisterial District Judge 46-3-04

## DOCKET



Docket Number: MJ-46304-CV-0000017-2020

# Civil Docket

VELOCITY INVESTMENTS, LLC
v.
Mark  Kramer

Page 1 of 2

## CASE INFORMATION

| | | | |
|---|---|---|---|
| Judge Assigned: | Magisterial District Judge James Brian Glass | File Date: | 01/27/2020 |
| Claim Amount: | $7,176.98 | Case Status: | Closed |
| Judgment Amount: | | County: | Clearfield |

## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Civil Action Hearing | 02/27/2020 | 10:00 am | | Magisterial District Judge James Brian Glass | Scheduled |

## CASE PARTICIPANTS

| Participant Type | Participant Name | Address |
|---|---|---|
| Defendant | Kramer, Mark | West Decatur, PA 16878 |
| Plaintiff | VELOCITY INVESTMENTS, LLC,  WEST CHESTER | West Chester, PA 19380 |

## DISPOSITION SUMMARY

| Docket Number | Plaintiff | Defendant | Disposition | Disposition Date |
|---|---|---|---|---|
| MJ-46304-CV-0000017-2020 | VELOCITY INVESTMENTS, LLC | Mark Kramer | Judgment for Defendant | 02/27/2020 |

## ATTORNEY INFORMATION

**Private**

Name:  Brian J. Fenters, Esq.

Representing:  Kramer, Mark

Counsel Status:  Active - Entry of Appearance

Supreme Court No.:  320202

Phone No.:  412-545-3016

Address:     The Law Firm of Fenters Ward
201 South Highland Avenue, Suite 201
Pittsburgh, PA  15206

Entry of Appearance Filed Dt:  02/10/2020

Withdrawal of Entry of Appearance Filed Dt:

**Complainant's Attorney**

Name:  Kellie Therese Hannum, Esq.

Representing:  VELOCITY INVESTMENTS, LLC,  WEST CHESTE

Counsel Status:  Active - Entry of Appearance

Supreme Court No.:  317085

**Complainant's Attorney**

Name:  Alan F. Kirk, Esq.

Representing:  Kramer, Mark

Counsel Status:  Active - Entry of Appearance

Supreme Court No.:  036893

Phone No.:  814-325-9410

Address:     Alan F. Kirk, PC
341 Science Park Rd, STE 204
State College, PA  16803

Entry of Appearance Filed Dt:  02/27/2020

Withdrawal of Entry of Appearance Filed Dt:

Phone No.:  610-696-2120

Address:     Burton Neil & Associates, P.C.
1060 Andrew Drive Suite 170
West Chester, PA  19380

Entry of Appearance Filed Dt:  01/27/2020

Withdrawal of Entry of Appearance Filed Dt:

MDJS 1200

Printed: 02/27/2020  2:39 pm

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data , errors or omissions on these docket sheets.  You should verify that the information is accurate and current by personally consulting the official record reposing in the court wherein the record is maintained.

# Magisterial District Judge 46-3-04

## DOCKET

Docket Number: MJ-46304-CV-0000017-2020

# Civil Docket



VELOCITY INVESTMENTS, LLC
v.
Mark  Kramer

Page 2 of 2

### DOCKET ENTRY INFORMATION

| Filed Date | Entry | Filer | Applies To |
|---|---|---|---|
| 02/27/2020 | Entry of Appearance Filed | Alan F. Kirk, Esq. | Mark Kramer, Defendant |
| 02/27/2020 | Judgment for Defendant | Magisterial District Court 46-3-04 | Mark Kramer, Defendant |
| 02/10/2020 | Entry of Appearance Filed | Brian J. Fenters, Esq. | Mark Kramer, Defendant |
| 02/10/2020 | Intent to Defend Filed | Mark Kramer | Mark Kramer, Defendant |
| 02/03/2020 | Certified Civil Action Hearing Notice Accepted | Magisterial District Court 46-3-04 | Mark Kramer, Defendant |
| 01/27/2020 | Certified Civil Action Hearing Notice Issued | Magisterial District Court 46-3-04 | Mark Kramer, Defendant |
| 01/27/2020 | Entry of Appearance Filed | Kellie Therese Hannum, Esq. | VELOCITY INVESTMENTS, LLC, Plaintiff |
| 01/27/2020 | Civil Complaint Filed | VELOCITY INVESTMENTS, LLC | |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data , errors or omissions on these docket sheets.  You should verify that the information is accurate and current by personally consulting the official record reposing in the court wherein the record is maintained.

EXHIBIT B

THE LAW FIRM OF
# FENTERS WARD
A I M   T O   W I N

BRIAN FENTERS, ESQ.
JOSHUA WARD, ESQ.

MANAGING PARTNERS

201 SOUTH HIGHLAND AVE., SUITE 201
PITTSBURGH, PA 15206

412-545-3016 OFFICE
412-540-3399     FAX

February 8, 2020

Velocity Investments, LLC
% Kellie Therese Hannum, Esq.
Burton Neil & Associates
1060 Andrew Dr., Suite 170
West Chester, PA   19380

**Sent via U.S. Mail**

Re:     Our Client:              Mark Kramer
        Docket Number:      MJ-46304-CV-0000017-2020
        Account #'s:             xxx

To Whom It May Concern:

Please accept this letter as confirmation of my representation of **Mark Kramer** with a current address of **6422 Drane Hwy., West Decatur, PA 16878.** My representation of the above-mentioned client includes any related debt(s) and/or credit account(s) your company claims to have, sold, purchased and/or assigned from yourself, another creditor, debt buyer or other entity as of the date of this letter (the "Debts").  Please cease and desist any further communications with my client as it relates to the collection of Debts.

According to my client, your company has been reporting the above-referenced accounts to collection and/or credit agencies.  My client denies owing **VELOCITY INVESTMENTS, LLC** any amount of money and demands proof of liability, accounting and ownership of these alleged accounts. The proof shall include any agreements and any amendments thereto, any other written or signed documents agreed to by my client, as well as, a complete history of billing statements reflecting how you calculated the current amount claimed, owed, reported to the collection and/or credit agencies and complete copies of any assignment documentation evidencing your ownership rights to the specific accounts.

Pursuant to the Consumer Financial Protection Act (**CFPA**) 12 U.S.C. 5533(a) and the Fair Debt Collection Practices Act (**FDCPA**) 15 U.S.C. § 1692 et seq. we request that you provide additional documents related to the Debt you claim is owed by our client:

1.  the original account-level documentation reflecting all purchases, payments, or other actual uses of the account;

2.  a document signed by our client evidencing the opening of the account forming the basis for the debt;

3.  the name of the creditor at the time of charge-off, including the name under which the creditor did business with our client;

4. the last four digits of the account number associated with the debt at the time our client's last monthly account statement, or, if not available, at the time of charge-off; the charge-off balance;

5. ***VELOCITY INVESTMENTS, LLC*** method of calculating any amount claimed in excess of the charge-off balance;

6. a copy of the statement where ***VELOCITY INVESTMENTS, LLC*** offered to provide our client (within 30 days of a written request) with copies of a document signed by our client evidencing the opening of the account forming the basis for the debt; and the original account-level documentation reflecting a purchase, payment, or other actual use of the account.

Please be advised that at all times relative hereto, we are disputing this debt under the FDCPA, FCRA, FCEUA and/or the UTPCPL. **AS SUCH YOU MUST 1) NOTIFY ANY CRAs YOU HAVE FURNISHED INFORMATION TO THAT THIS TRADE LINE IS DISPUTED; 2) YOU MUST CEASE ALL COLLECTION ATTEMPTS AND DELETE THE TRADE LINE UPON FINAL DISMISSAL OF THE DEBT COLLECTION LAWSUIT IF JUDGMENT IS RENDERED IN FAVOR OF DEFENDANT.** You may direct the requested proof to my office at the address listed above. **YOU HAVE THIRTY (30) DAYS TO PROVIDE THE REQUESTED PROOFS.** All future correspondence or contact shall be directed to my office until my office provides written confirmation of termination of legal representation, if such termination should ever occur. **YOU MUST PROVIDE THIS NOTICE TO ANY ASSIGNEE, TRANSFEREE OR SUBSEQUENT OWNER OF THIS OR ANY DEBT. IF YOU FAIL IN ANY OF THESE REGARDS, YOU WILL BE SUBJECT TO LIABILITY UNDER FEDERAL AND STATE CONSUMER PROTECTION LAWS.**

Very Truly Yours,

***/s/ Joshua P. Ward, Esq.***

Joshua P. Ward, Esq.
Direct Dial: (412) 545-3015
Email: jward@fentersward.com

JPW/slk
cc: Mark Kramer

**UNITED STATES POSTAL SERVICE®**

**Firm Mailing Book For Accountable Mail**

**Name and Address of Sender**

The Law Firm of Fenters Ward
201 South Highland Ave.
Suite 201
Pittsburgh, PA 15206

**Check type of mail or service**

- ☐ Adult Signature Required
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery (COD)
- ☐ Insured Mail
- ☐ Priority Mail
- ☐ Priority Mail Express
- ☐ Registered Mail
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation
- ☐ Signature Confirmation Restricted Delivery

**Affix Stamp Here**
*(for additional copies of this receipt).*
*Postmark with Date of Receipt.*

| USPS Tracking/Article Number | Addressee (Name, Street, City, State, & ZIP Code™) | Postage | (Extra Service) Fee | Handling Charge | Actual Value if Registered | Insured Value | Due Sender if COD | ASR Fee | ASRD Fee | RD Fee | RR Fee | SC Fee | SCRD Fee | SH Fee |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1. Mark Kramer CV-17 Intent to Defend Entry of Appearance 1st Dispute letter | Velocity % Kellie T. Hannum Burton Neil & Associates 1060 Andrew Dr. Suite 170 West Chester, PA 19380 | | | | | | | | | | | | | |
| | REDACTED | | | | | | | | | | | | | |
| 5. | | | | | | | | | | | | | | |
| 6. | | | | | | | | | | | | | | |
| 7. | | | | | | | | | | | | | | |
| 8. | | | | | | | | | | | | | | |

| Total Number of Pieces Listed by Sender | Total Number of Pieces Received at Post Office | Postmaster, Per (Name of receiving employee) |
|---|---|---|
| 4 | 4 | |

PS Form **3877**, January 2017 (*Page 1 of 2*)
PSN 7530-02-000-9098

Complete in ink

Privacy Notice: For more information on USPS privacy policies, visit *usps.com/privacypolicy*.

EXHIBIT C

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF



# ENTRY OF APPEARANCE
# PURSUANT TO PARCPMDJ
# 207.1(A)

Mag. Dist. No:
MDJ Name:
Address:

Telephone:

_____

v.

_____

Docket No:
Case Filed:

**TO THE MAGISTERIAL DISTRICT COURT:**

          Please enter my appearance on behalf of _____
In the above captioned matter.


Attorney Name: _____

Supreme Court of Pennsylvania Attorney Identification Number: _____

Firm Name: _____

Address: _____

City, ST, Zip: _____

Telephone Number: _____


I certify that this filing complies with the provisions of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania that require filing confidential information and documents differently than non-confidential information and documents.


*/s/ Brian J Fenters*
_____          _____
          **Signature of Applicant**                              **Date**

**FREE INTERPRETER**
www.pacourts.us/language-rights

**THE LAW FIRM OF**

# FENTERS WARD

A I M   T O   W I N

BRIAN FENTERS, ESQ.
JOSHUA WARD, ESQ.

MANAGING PARTNERS

201 SOUTH HIGHLAND AVE., SUITE 201          412-545-3016 OFFICE
PITTSBURGH, PA 15206                        412-540-3399     FAX

February 8, 2020

Magisterial District Number: 46-3-04

Honorable James B. Glass

251 Spring Street, Suite 3

PO Box 362

Houtzdale, PA 16651

Phone: 814-378-7160

**Sent via:** Fax 814-378-7165

    **RE:**        **CV-017-2019. Velocity Investments, LLC v Mark Kramer**

**INTENT TO DEFEND NOTICE:**

DEFENDANT INTENDS TO ENTER A DEFENSE. PLEASE CONSIDER THIS NOTICE PER
Pa. R. Civ. P. MAG DIST J RULE 305(4)(a).

PLEASE NOTIFY THE PLAINTIFF THAT DEFENDANT HAS ENTERED NOTICE TO
DEFEND PER Pa. R. Civ. P. MAG DIST J RULE 318.

ALSO, PLEASE UPDATE THE DOCKECT TO SHOW THAT DEFENDANT INTENDS TO
DEFEND AS WELL AS OUR ENTRY OF APPEARANCE.

            Sincerely,

            */s/ Brian Fenters*

            Brian J. Fenters, Esq.
            bfenters@fentersward.com
            PA Bar# 320202
            412-545-3016

BF/slk
CC: Mark Kramer

# EXHIBIT E

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF CLEARFIELD



**NOTICE OF JUDGMENT/TRANSCRIPT
CIVIL CASE**

| | |
|---|---|
| Mag. Dist. No: | MDJ-46-3-04 |
| MDJ Name: | Honorable James Brian Glass |
| Address: | 251 Spring Street<br>P.O. Box 362<br>Houtzdale, PA 16651 |
| Telephone: | 814-378-7160 |

VELOCITY INVESTMENTS, LLC
v.
Mark Kramer

Brian J. Fenters, Esq.
The Law Firm of Fenters Ward
201 South Highland Avenue, Suite 201
Pittsburgh, PA 15206

Docket No:   MJ-46304-CV-0000017-2020
Case Filed:   1/27/2020

---

**Disposition Details**

**Disposition Summary** (cc - Cross Complaint)

| Docket No | Plaintiff | Defendant | Disposition | Disposition Date |
|---|---|---|---|---|
| MJ-46304-CV-0000017-2020 | VELOCITY INVESTMENTS, LLC | Mark Kramer | Judgment for Defendant | 02/27/2020 |

Comments:

ANY PARTY HAS THE RIGHT TO APPEAL WITHIN 30 DAYS AFTER THE ENTRY OF JUDGMENT BY FILING A NOTICE OF APPEAL WITH THE PROTHONOTARY/CLERK OF COURT OF COMMON PLEAS, CIVIL DIVISION OR THE PHILADELPHIA MUNICIPAL COURT. YOU MUST INCLUDE A COPY OF THIS NOTICE OF JUDGMENT/TRANSCRIPT FORM WITH YOUR NOTICE OF APPEAL.

EXCEPT AS OTHERWISE PROVIDED IN THE RULES OF CIVIL PROCEDURE FOR MAGISTERIAL DISTRICT JUDGES, IF THE JUDGMENT HOLDER ELECTS TO ENTER THE JUDGMENT IN THE COURT OF COMMON PLEAS OR THE PHILADELPHIA MUNICIPAL COURT, ALL FURTHER PROCESS MUST COME FROM THE COURT OF COMMON PLEAS OR THE PHILADELPHIA MUNICIPAL COURT AND NO FURTHER PROCESS MAY BE ISSUED BY THE MAGISTERIAL DISTRICT JUDGE.

UNLESS THE JUDGMENT IS ENTERED IN THE COURT OF COMMON PLEAS OR THE PHILADELPHIA MUNICIPAL COURT, ANYONE INTERESTED IN THE JUDGMENT MAY FILE A REQUEST FOR ENTRY OF SATISFACTION WITH THE MAGISTERIAL DISTRICT JUDGE IF THE JUDGMENT DEBTOR PAYS IN FULL, SETTLES, OR OTHERWISE COMPLIES WITH THE JUDGMENT.

2-27-2020
_____
Date

_____
Magisterial District Judge Glass

I certify that this is a true and correct copy of the record of the proceedings containing the judgment.

_____
Date

_____
Magisterial District Judge

RECEIVED
MAR 02 2020

VELOCITY INVESTMENTS, LLC
v.
Mark  Kramer

Docket No.: MJ-46304-CV-0000017-2020

# Participant List

**Private(s)**

Brian J. Fenters, Esq.
The Law Firm of Fenters Ward
201 South Highland Avenue, Suite 201
Pittsburgh, PA  15206

**Plaintiff(s)**

VELOCITY INVESTMENTS, LLC
c/o Burton Neil & Associates, P.C.
1060 Andrew Drive, Suite 170
West Chester, PA  19380

**Defendant(s)**

Mark Kramer
6422 Drane Hwy.
West Decatur, PA  16878

**Complainant's Attorney(s)**

Kellie Therese Hannum, Esq.
Burton Neil & Associates, P.C.
1060 Andrew Drive Suite 170
West Chester, PA  19380

Alan F. Kirk, Esq.
Alan F. Kirk, PC
341 Science Park Rd, STE 204
State College, PA  16803



## <u>VERIFICATION</u>

I, JOSHUA P. WARD, ESQ., have read the foregoing COMPLAINT and verify that the statements therein are correct to the best of my personal knowledge, information, and/or belief. I have gained this information from discussions with Plaintiff. This verification is made on behalf of Plaintiff. Plaintiff will produce their verification if/when there is an objection by Defendant or upon directive from the court.

I understand that this verification is made subject to the penalties of 18 Pa. C.S.A. 4904 relating to unsworn falsification to authorities, which provides that if I knowingly make false averments, I may be subject to criminal penalties.

Respectfully submitted,

THE LAW FIRM OF FENTERS WARD

Date: October 12, 2020                    By: _____
                                          Joshua P. Ward (Pa. I.D. No. 320347)
                                          Kyle H. Steenland (Pa. I.D. No. 327786)

                                          The Rubicon Building
                                          201 South Highland Avenue
                                          Suite 201
                                          Pittsburgh, PA 15206

                                          Counsel for Plaintiff

17